PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1997 Pontiac Grand Am struck a piece of concrete when his daughter, Amanda Kaufman, was traveling southbound on W. Va. Route 2 in Ohio County. W. Va. Route 2 is a road maintained by respondent in Ohio County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred during the afternoon on December 17, 2005. W. Va. Route 2 is a four-lane road at the area of the incident involved in this claim. Amanda Kaufman testified that she was traveling in her left lane at approximately fifty-five miles per hour. She stated that she saw a piece of concrete in the road, but she could not avoid it because of traffic in the right lane. The vehicle struck the piece of concrete, damaging a tire and a rim. Ms. Kaufman testified *135 that the piece of concrete was approximately fourteen to sixteen inches long and six inches wide. Claimant’s vehicle sustained damages totaling $200.00.
The position of the respondent was that it did not have notice of the piece of concrete on W. Va. Route 2. Terry Kuntz, an employee of respondent in Ohio County, testified that the piece of concrete that claimant’s vehicle struck was a piece that had broken off W. Va. Route 2. Mr. Kuntz further stated that there had been no prior notice of any pieces of concrete along this stretch of W. Va. Route 2 and that there were no complaints the day before claimant’s incident.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the evidence established that the respondent did not have actual or constructive notice of a piece of concrete on W. Va. Route 2 prior to the incident in question. Consequently, there is insufficient evidence of negligence upon which to justify an award. Thus the claimant may not make a recovery for his loss in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.